## CASE AND ANOTHER *vs.* SPAULDING.

The defendant, at the request of the plaintiffs, endorsed in blank a promissory note, payable to the order of the latter, who afterwards endorsed it in blank over the name of the defendant, and procured its discount at bank. The maker failing to pay the note at its maturity, the plaintiffs paid it, erased their own endorsement, and brought an action against the defendant on his endorsement. Held, on the trial, that parol evidence was admissible to show that the defendant's endorsement was intended as security for the bank only, and not as a guaranty of the note to the plaintiffs.

THIS was an action of *assumpsit*, brought to the city court for the city of Hartford, against the defendant, as a party liable on two promissory notes.

The declaration embraced the common counts and several special counts. In one of the latter counts the cause of action was stated thus: "Samuel C. Spaulding and Ariel Coy, partners in business under the firm of Spaulding & Co., in and by a certain writing or note under their hand, executed by them, by their said co-partnership name, within the limits of said city of Hartford, and since the incorporation thereof, promised the plaintiffs to pay to their order, two months after date, at the Farmers and Mechanics bank, for value received, the sum of two hundred dollars, and that the defendant, on the day and year aforesaid, at and within said city of Hartford, and previous to the delivery of said note to the plaintiffs, endorsed said note, for a valuable consideration, and said note was afterward, on the day and year aforesaid, at and within said city of Hartford, delivered to the plaintiffs. And the plaintiffs aver that, previous to said note becoming due, the said Spaulding & Co. became insolvent, and made an assignment of all their estate for the benefit of their creditors, according to the statute laws of this state, and that when said note became due, the same was presented to said bank for payment, and payment of the same was then and there demanded of the said Spaulding & Co. and of the defendant, and that payment of the same was then and there

refused, of which the defendant afterward, viz. on the 1st day of May, A. D. 1855, that being the day upon which the same became due, had notice, and that the said Spaulding & Co. were then largely insolvent, and were wholly unable to pay said note according to its tenor, and that the same could not have been collected of them by the use of due diligence, and that the defendant thereby became liable," &c.

On the trial, upon the general issue closed to the court, the plaintiffs offered in evidence the two notes described in the plaintiffs' declaration, which were payable to the order of the plaintiffs, and by the plaintiffs endorsed in blank. But their endorsement, at the time of the trial, had been erased, and underneath the plaintiffs' endorsement, they were endorsed by the defendant in blank. It was admitted that said notes were brought to the plaintiffs, (or left for them, at the Farmers and Mechanics bank, at which they were payable,) by the makers, S. C. Spaulding & Co., after being executed by them, and endorsed by the defendant, and it was claimed by the plaintiffs, that, after said notes had been left to be discounted by said bank, and before the same were discounted, Chauncey Case, one of the plaintiffs, called at the bank and endorsed said notes in the name of the plaintiffs, above the name of the defendant.

It was also admitted that, on the 27th of November, 1854, the plaintiffs called on S. C. Spaulding, one of the firm of Spaulding & Co., for the payment of $400, upon an account of about $800, then due to the plaintiffs from Spaulding & Co., and that Spaulding & Co. gave the plaintiffs a note for the payment of $400, at the Farmers and Mechanics bank, in four months, executed by Spaulding & Co., and payable to the order of the plaintiffs, which note the plaintiffs endorsed and presented at the Farmers and Mechanics bank for discount, but said bank declined to discount the same, without another endorser thereon, and thereupon the plaintiffs called upon S. C. Spaulding with said note, and informed him that said bank would not discount said note without

another name upon it, and that thereupon said Spaulding remarked that perhaps his brother, the defendant, would endorse the note, upon which the plaintiffs delivered him said note, and requested him to apply to his brother to endorse the same. The defendant, at the request of said S. C. Spaulding, endorsed said note, under the endorsement of the plaintiffs, and the note, thus endorsed, was delivered by S. C. Spaulding to the plaintiffs, who immediately procured the same to be discounted at said bank. Afterward, when said note was about falling due, Spaulding & Co. applied to the plaintiffs to have the same renewed, and it was agreed that the two notes described in the declaration should be made for the purpose of renewal, which notes were drawn by S. C. Spaulding and carried to the defendant, at the request of the plaintiffs, to be endorsed, and were by him endorsed, and by S. C. Spaulding left at the bank for, or delivered to, the plaintiffs as before mentioned, and it was also admitted, that after said notes were in said bank, and were approved for discount, Case enquired of the teller of said bank where he should put his name, and was told by him that, to secure their endorser, the note being payable to them, they must endorse it over the name of H. C. Spaulding.

The defendant offered evidence to prove that, at the time when he endorsed said first note, he said to S. C. Spaulding that he endorsed the same for the purpose of securing the bank, and not to make himself liable in any manner to the plaintiffs, to which S. C. Spaulding replied that that would be the whole effect of the endorsement, and that S. C. Spaulding, at the time he requested the defendant to make said endorsement, stated to him that said note had been offered for discount at the bank, by the plaintiffs, and that the bank declined to discount it without another name. The defendant also offered evidence to prove that, at the time when he endorsed said renewal notes, S. C. Spaulding informed him that said notes were wanted for the purpose of renewal, and that he had agreed with the plaintiffs, on such renewal,

and that he endorsed the notes with the understanding with S. C. Spaulding that the plaintiffs would endorse the same above his name, and with the knowledge that such endorsement would be necessary before said notes could be discounted at the bank, and that he so endorsed the notes to save the trouble of having them carried to the plaintiffs for their endorsement, and then brought to him and again returned to the plaintiffs, and that, at the time of the endorsement of said notes, he said to S. C. Spaulding that the endorsement of the plaintiffs would have to be above his name, and that the relative liability of the parties must not be changed in any manner from what they were upon the original note. But it was not shown that what was said in this manner between the defendant and S. C. Spaulding was communicated to the plaintiffs, and no communication was ever had between the plaintiffs and the defendant on the subject, until some time after the notes became due, except the conversation with S. C. Spaulding. To the evidence of what was said by S. C. Spaulding to the defendant, and by the defendant to S. C. Spaulding, at the time of the endorsement, by the defendant, of said original note, and at the time of the endorsement of said renewal notes, the plaintiffs objected, but the court admitted the evidence, for the purpose of showing the intention and understanding of the defendant in endorsing said notes, and the circumstances under which the endorsement was made, and upon the evidence as it thus stood, the court found, as a matter of fact, that said endorsement of said two notes described in the declaration by the defendant was not intended or understood by the parties to be a guaranty to the plaintiffs, of said notes, but was intended, and understood, as an endorsement after that of the plaintiffs, and only for the security of the bank. When said notes fell due, Spaulding & Co. were insolvent, and had made an assignment for the benefit of their creditors. Demand of payment, on both notes, was made at said bank, and notice of non-payment was given in the usual form of

notice to endorsers, to the plaintiffs and the defendant, and the plaintiffs thereupon took up both of said notes. The court rendered judgment for the defendant, and the plaintiffs thereupon brought a writ of error in the superior court, when the judgment of said city court was affirmed, and judgment again rendered for the defendant. The plaintiffs then, by motion in error, brought the record before this court for revision.

*Goodman* for the plaintiffs.

*Hooker* and *Hawley* for the defendant.

ELLSWORTH, J. It is found that the note, in suit, was given in renewal of a larger one of $400, payable at the Farmers' and Mechanics' bank. That note was given by S. C. Spaulding & Co., to these plaintiffs, to apply on their debt due to the plaintiffs, of some eight hundred dollars. No other name was asked for, or expected, by the plaintiffs, as security for that note. Afterward, when the plaintiffs wished to get the note discounted, they endorsed, and offered it for that purpose, at the bank. But the bank declined to discount it without another name, whereupon the plaintiffs, at their own request, obtained the endorsement of this defendant, and afterward got the money at the bank, and applied it on the indebtedness of said S. C. Spaulding & Co. Before this last note became due, the note in suit was made, and left at the bank, payable to the plaintiffs, as first endorsers, to be substituted, by way of renewal. The plaintiffs again requested the defendant to endorse this note, and he did it without the least idea of becoming an endorser before the plaintiffs, or becoming liable to them upon the note, in any manner whatever.

Now, on these facts, the plaintiffs cannot be permitted, by erasing their own name from the note, after taking it up at the bank, to make the defendant a guarantor of the

note to them. This would be in bad faith, and would be contrary to the understanding and objects of the parties. The first note was endorsed, by the defendant, to give it currency at the bank, and so was the second; and although the defendant wrote his name first, in time, on the last note, it was with the expectation that the plaintiffs, who were of necessity to be the first endorsers, as the note was made payable to their order, would put their name above the defendants, and so would be first liable to the bank, and to the defendant, if he should have to pay the note.

Now the evidence, the reception of which raises the main question in the case, was not only unimportant because superfluous, and so has done the plaintiffs no hurt, but it was strictly admissible as proof; it showed the history and manner in which the defendant's name came to be on this note, and that the defendant never obligated himself to the plaintiffs, but rather that they had obligated themselves to him. Nothing is more common than to introduce evidence of the real and true relation of parties to each other, whose names are on negotiable paper, where, *prima facie*, the position, or order of signature, makes a contract different from the true relation of the parties. The proper enquiry is, who, among the parties, is to pay the debt. That is the person to be liable, whether he be maker or endorser. *Beckwith* v. *Angell*, 6 Conn. R., 315.

There is no error.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Judgment affirmed.