ALPHEUS DALE AND ANOTHER *vs.* ALONZO S. GEAR.

The contract implied by law from a blank endorsement of a negotiable note before maturity by the payee, is as certain and absolute as if written out in full, and parol evidence is not admissible to contradict it.

This rule is applicable between endorser and endorsee, and it is not competent for the former to prove a cotemporaneous, naked agreement, that an unre-

stricted indorsement should be operative as a restricted one only, in bar of an action by the latter.

But any fact or transaction which raises an equity between such parties, and shows it to be inequitable or a fraud to enforce the contract,—as that the indorsee is an agent, or that the note was indorsed for a special purpose creating a trust, or for the accommodation of the indorsee, or pursuant to an antecedent agreement that the note should be taken for a debt, or for goods, on the responsibility of the maker alone, may be shown by parol in bar of the action.

ASSUMPSIT against the defendant as endorser of a promissory note; brought to the Court of Common Pleas in the County of New Haven.

The defendant pleaded in bar, " that the said plaintiffs ought not to have or maintain their aforesaid action against the defendant, because he says, that at the time when the defendant so as aforesaid endorsed said note, in consideration of the agreement of the said defendant to endorse said note in blank, and to omit prefixing the words " without recourse" to his said endorsement, they, the said plaintiffs, by parol, then and there promised and agreed that they never would have recourse to the said defendant upon said note or upon said endorsement, but would forever save him, the said defendant, harmless from all liability by reason of his making said endorsement in blank, and omitting to prefix the words " without recourse" to his said endorsement. And the defendant avers that upon the faith of the aforesaid promise and agreement of the said plaintiffs and in consideration thereof, he did so as aforesaid endorse said note in blank, and did omit to prefix the words " without recourse" to said endorsement. All which he is ready to verify. Wherefore he prays judgment, &c."

To this plea the plaintiffs demurred, and the case was reserved upon these pleadings for the advice of this court.

*L. H. Bristol*, in support of the demurrer, cited 2 Parsons on Notes & Bills, 23 ; Smith's Merc. Law, 128, 129 ; *Prescott Bank* v. *Caverly*, 7 Gray, 217 ; *Riley* v. *Gerrish*, 9 Cush., 104 ; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 29 Conn., 381 ; *Hoare* v. *Graham*, 3 Campb., 57 ; *Goupy* v. *Harden*, 7 Taunt., 159 ; *Free* v. *Hawkins*, 8 id., 92 ; *Odam* v.

*Beard*, 1 Blackf., 191; *Wilson* v. *Black*, 6 id., 509; *Fuller* v. *McDonald*, 8 Greenl., 213; *Crocker* v. *Getchell*, 23 Maine, 392; 1 Chitty Pl., 233, 234; *Wyat* v. *Aland*, 1 Salk., 325; *The King* v. *Stevens*, 5 East, 244; *Perkins* v. *Catlin*, 11 Conn., 213; *Castle* v. *Candee*, 16 id., 223; *Rey* v. *Simpson*, 22 How., 341; *Downer* v. *Chesebrough*, 36 Conn., 39; *Wells* v. *Jackson*, 6 Blackf., 40.

*J. S. Beach*, contra, cited 1 Swift Dig., 434; *Perkins* v. *Catlin*, 11 Conn., 213; *Castle* v. *Candee*, 16 id., 223; *Case* v. *Spaulding*, 24 id., 578; *Hill* v. *Ely*, 5 Serg. & Rawle, 363; *Patterson* v. *Todd*, 18 Penn., S. R., 426, 434; *Bircleback* v. *Wilkins*, 22 id., 26; *Riley* v. *Gerrish*, 9 Cush., 104; Chitty on Bills, 144; *Pike* v. *Street*, Mood. & Malk., 227; 2 Parsons Notes & Bills, 519; *Tappin* v. *Clarke*, 32 Conn., 56; *Downer* v. *Chesebrough*, 36 id., 39.

BUTLER, C. J. We have given this case the consideration which, as involving an important commercial question, it has seemed to require, and are of opinion that the plea cannot be sustained on principle, or by authority.

First, it is not sustainable on principle.

The rule that parol evidence is not admissible to contradict or vary a written contract is founded in the highest principles of public policy, and there is no class of contracts to which it should be more inflexibly applied than to those connected with bills of exchange and promissory notes. Nor is there any one of the varied and special contracts, so connected, in respect to which the application of the rule is more important than the contract of warranty implied by law from the blank endorsement of a negotiable note by the payee before maturity. It is absolutely essential to the negotiability of such a note that the rule to which we have alluded should be applied to it, and it has always been so applied when the note has been negotiated to a second indorsee, and an effort has been made to prove some cotemporaneous parol agreement in bar.

But it has sometimes been claimed, and is claimed in support of the plea in this case, that notwithstanding the rule is

so applied in favor of a *bona fide* holder to whom the note has been negotiated, yet as between the indorser and indorsee, the original parties to the contract of indorsement, the rule should not be applied. But the answer must be, that the contract of indorsement is implied by law as clearly and perfectly from the blank indorsement of a negotiable note, irrespective of any contingency of negotiation, as if written out in full when indorsed. And if, as between the original parties, there is any equity existing *dehors* the instrument, which should prevent the indorsee from enforcing the contract, it must be set up *as an equity* provable in equity, to bar an apparent legal liability; and cannot be shown because the rule of evidence to which we have alluded is not applicable. The rule is as applicable to such parties as to others, and the true theory is that the relation or antecedent agreement, out of which the equity arises, may be shown between them, and proof of it does not necessarily contradict the contract.

There are four classes of cases in which, as exceptional cases, and as between the original parties, indorser and indorsee, any relation, antecedent agreement, or state of facts from which a controling equity arises, may be pleaded and proved by parol in bar of an action on the warranty. Thus the relation of principal and agent may be shown—for the agent takes no title or warranty from the indorser, but holds *as agent.* So, secondly, it may be shown that the note was indorsed to the holder for some special purpose and is holden *in trust,* as where it is indorsed and delivered for collection merely. *Lawrence* v. *Stonington Bank,* 6 Conn., 521, is an example of this class of cases in our own reports. In like manner, thirdly, the relation of principal and surety may be shown, and that the indorsement was made at the request and for the accommodation of the immediate indorsee, for the equity of the relation forbids the enforcement of the contract. Such was *Case* v. *Spaulding,* 24 Conn., 578. So, fourthly, it may be shown that there was an *equity* arising from an *antecedent transaction,* including an agreement that the note should be taken in sole reliance on the responsibility of the maker, and that it was indorsed in order to transfer the title in pursuance

of such agreement, and that the attempt to enforce it is a *fraud.* Such was *Downer* v. *Chesebrough,* 36 Conn., 39. These exceptions illustrate the rule. But this plea shows no agency, trust, equitable relation or equity connected with an antecedent transaction constituting a consideration for the agreement, or which would justify a court of equity in interfering to prevent an enforcement of the contract of warranty which the law implies. It presents a naked case of an attempt to prove by parol that a clear and unambiguous contract of warranty is not such, and to contradict it in terms—to turn an indorsement *without restriction,* before maturity, into a *restricted indorsement.* Such a plea cannot be sustained without a violation of essential principles.

Nor is the plea supported by any well-considered and unquestioned authority.

The defendant claims, in the first place, that it is supported by the decisions of this state, and he relies on a class of cases where the action was upon a non-negotiable note, or a negotiable note indorsed by one not a party to it, which by our law stand on the same ground. But those decisions cannot sustain him. That class of blank indorsements is not controlled by commercial usage, and does not import an absolute contract of warranty. The contract presumed by law from them is presumed *prima facie* only, and differs in different states. In this state such indorsements are not only *prima facie,* but conditional, that is, that the note shall be collectible of the maker by due diligence. In Massachusetts and New York such an indorsement is treated as an absolute guaranty, or the indorser charged as a joint promissor. In all, the presumption is treated as one of fact, rather than one of law, and the real contract made between the parties, if a special one, may be written over the signature of the indorser. It is otherwise in a note like this.

There are then broad lines of distinction between the two classes of indorsements, and the defendant's plea is not supported by the class of decisions referred to.

The defendant also relies on *Case* v. *Spaulding,* 24 Conn., 578, but it does not sustain him. There the defendant was

not the payee, and as second indorser was not liable to the
payees of the note, for they, as first indorsers, were bound to
pay it.   The defendant also indorsed at the request of the
plaintiff as surety, for his accommodation, and was within
one of the classes of equitable exceptions, where the relation
on which the equity rests may be shown.   The dictum of
Judge ELLSWORTH, confined within the limits. called for by the
case, was undoubtedly true, but the defendant does not bring
himself within the exception.

The defendant further relies on *Downer* v. *Chesebrough*, 36
Conn., 39, but he is not sustained by that case.   It was not
put to us as a case where the antecedent contract which
created an equity between the parties could not be shown
under our law, if the contract had been made here, in connec-
tion with the agreement claimed, to show that the plaintiff
was attempting to perpetrate a *fraud*, but as a case where, by
the laws of New York where the contract was made, it could
not be proved *by parol*.   The case turned therefore solely on
the question whether the law of evidence of the *forum*, or
of the *lex loci contractus*, should govern.   In that aspect only
we considered and decided it, and that question alone is dis-
cussed in the opinion.   If the questions which are raised here
had been raised there, we should have holden without hesita-
tion, first, that the indorsement of a negotiable note before
maturity by the payee creates an absolute warranty to the
immediate, as well as all subsequent indorsees, that the instru-
ment and the antecedent signatures thereon are genuine ; that
the indorser has title to the instrument and is competent to
bind himself by the indorsement, and that the maker will
pay it on due presentment when it is due ; but that, if he does
not, the indorser will pay it if due notice is given him of
such dishonor ; and, secondly, that no special agreement—as
that the unrestricted indorsement was intended or agreed to
be a restricted one—can be shown by parol evidence, except
in the classes of cases adverted to where an equitable relation
existed between the parties in respect to the indorsement
when it was made, which rendered the enforcement of the
contract inequitable and fraudulent.   Equity overrides all

rights, and suspends the operation of all legal rules between original parties, when necessary to prevent a fraudulent use of them, and therefore the exceptions mentioned have been recognized and applied at law. *Downer* v. *Chesebrough* was clearly within one of the exceptions, but this case is not.

The defendant under his second point cites three cases from Pennsylvania to show that the contract set up in the plea was provable there by parol. On examining those cases we think the law of Pennsylvania is otherwise. The first case cited is that of *Hill* v. *Ely*, 5 Sergeant & Rawle, 363. The marginal note sustains his claim, but the case does not. In that case it appears that the defendant purchased coffee of the plaintiff upon an express agreement that the plaintiff should receive in full payment the notes of one Jabez Lamb, without the responsibility of the defendant. The notes were payable to the order of the defendant and were handed to the plaintiff, pursuant to agreement, without indorsement. The plaintiff then said to the defendant: " Hill, you must indorse those notes ; " to which Hill replied : " That is not our understanding." The plaintiff rejoined : " They are made payable to you ; how will you convey them to me ? You must indorse them, in order that I may collect them." Hill then said: " I indorse them, but remember I am not to be held responsible for their payment."

The case was put to the court by the distinguished counsel engaged, solely on the ground that the attempt of Hill to charge Ely upon his indorsement was a fraud, and the court so held. They say : " The evidence offered went to prove a direct fraud in obtaining the indorsements, or their perversion to a use never intended—a fraudulent purpose." The court further say that parol or extrinsic evidence would be received in chancery to reach such a fraud, and therefore would be received in their courts at law; that the relief in equity would be grounded, not upon the admissibility of parol evidence as between such parties to contradict the writing, but to show extrinsic facts, raising an equity *dehors* the instrument, to prevent the fraudulent purpose. The court also say that the evidence was admissible to show *a trust* between Hill

and Ely, for the purpose of collecting the notes and applying the proceeds in payment for the coffee. They recognize the leading case of *Hoare* v. *Graham*, 3 Campbell, 57, as law, but distinguish it, because in *Hoare* v. *Graham* there was no allegation of fraud. The case is on all fours with *Downer* v. *Chesebrough*. In both there was an antecedent contract which raised an equity *dehors* the indorsement, which made the attempt to enforce the contract implied by law from the indorsement a fraudulent one, relievable in equity. It is implied in both decisions that in a case like this where no equity existed, such a contract could not be shown by parol.

*Hill* v. *Ely*, was not overruled or shaken by the subsequent cases cited. *Patterson* v. *Todd*, 18 Penn., S. R., 426, was the case of a negotiable note, but it was indorsed by the payee when *overdue*, and there was no subsequent demand and notice. The main question in the case was whether such a demand should have been made upon the maker, and notice given to the indorser. It was held that the indorsement was equivalent to drawing a new bill, and that demand should have been made in a reasonable time, and notice given of the dishonor. The court also held that under the circumstances of that case the defendant might show by parol evidence that he said he would not warrant the notes. But the court did not question the authority of *Hill* v. *Ely*, nor does it appear that it has ever been questioned. The remaining case cited from Pennsylvania was the case of a non-negotiable note. It has no bearing upon this case.

The defendant under his third point, cites a case from Massachusetts, and dicta from Judge SHAW. But the note in that case was not negotiable, and the case and dicta are unimportant.

The defendant also cites one English case—that of *Pike* v. *Street*, Moody & Mallkin, 227—in support of his claim. It is sufficient to say of that case that it is not directly upon the point, is contrary to the present current of English decisions, and was questioned in the recent case of *Foster* v. *Jolly*, 1 Comp. Mees. & Ros., 703.

These are all the decisions cited by the defendant and there

is not one of them directly in point, which can be relied upon as authority.

On the other hand, the current of decisions in England is directly against the admission of such evidence. *Hoare* v. *Graham*, 3 Campbell, 57 ; *Goupy* v. *Hardy*, 7 Taunton, 159 ; *Free* v. *Hawkins*, 8 Taunton, 92.

And the adverse decisions in this country which are directly in point are quite numerous. *Bank of Albion* v. *Smith*, 27 Barb., 489 ; *Thompson* v. *Ketcham*, 8 Johns., 146 ; *Patterson* v. *Hull*, 9 Cowen, 747 ; *Payne* v. *Ladue*, 1 Hill, 116 ; *Hall* v. *Newcombe*, 7 Hill, 416 ; *Odam* v. *Beard*, 1 Blackf., 191 ; *Fuller* v. *McDonald*, 8 Greenleaf, 213 ; *Crocker* v. *Gretchel*,. 23 Maine, 392 ; *Wilson* v. *Black*, 6 Blackf., 509 ; *Barry* v. *Morse*, 3 New Hamp., 132.

The Superior Court must therefore be advised that the plea is insufficient.

In this opinion the other judges concurred.