## John S. Doolittle v. James W. Ferry, et al.

1. Indorsement of Negotiable Paper; *Implied Contract.*   The contract which the law implies from the indorsement of a negotiable note, is as conclusive against parol testimony as though it were written out in full above the indorser's signature.

2. ———— *Contract of Indorsement; Parol Testimony.*   Parol testimony is inadmissible to change a simple, unqualified indorsement, whether in full, or in blank, into an indorsement without recourse.

*Error from Chase District Court.*

Action by *Doolittle* as plaintiff, against *J. W. Ferry* and *C. C. Watson*, partners, defendants, as indorsers upon the following promissory note:

$700.            Cottonwood Falls, Kas., Dec'r 9, 1873.

Five months after date I promise to pay to James W. Ferry and C. C. Watson, or order, seven hundred dollars, for value received, at eight per cent. per annum until paid.

                              Samuel D. Hudson.

The indorsement on the note was as follows: "*Pay to J. S. Doolittle: Ferry & Watson.*"   Plaintiff offered the note and indorsement in evidence, and made proof of due protest, and notice to defendants.   The defendants claimed, and offered testimony over the objection and exception of the plaintiff, that there was a parol agreement or understanding that their indorsement of the note was not to charge them as indorsers, but for the sole purpose of transferring the title to the note.   Trial at May Term 1876.   At defendants' request, the court gave the following instruction to the jury:

"If the jury find from all the evidence that at the time the names of Ferry & Watson were placed upon the back of

the note, as set forth in the pleadings, it was understood between said Ferry & Watson, or either of them, and the said plaintiff, (Doolittle,) that the said Ferry & Watson were not to be personally liable under any circumstances to pay said note, and that said plaintiff was to look solely and only for the payment of said note to the maker thereof, and the mortgaged premises, then and in such case the jury will find for the defendants."

The plaintiff excepted to this instruction. Verdict for the defendants. New trial refused, and plaintiff now brings the case here.

*Gillett & Forde,* for plaintiff.
*Sterry & Sedgwick,* for defendants.

The opinion of the court was delivered by

BREWER, J.: The defendants were the payees of a negotiable note, and transferred the same to plaintiff in error, by an indorsement in these words: "*Pay to J. S. Doolittle.—* FERRY & WATSON." And the important question is, whether testimony is competent to show a parol contract, contemporaneous with said indorsement, that the indorsers should under no event become liable to the indorsee in consequence of said indorsement, and that the same should be operative simply to transfer the title to the paper. That from such indorsement the law implies a well-defined contract, and that such contract casts a conditional liability on the indorser, is conceded. And that such implied contract is conclusive as between remote parties to the note without notice of any different express contract, is clear. But the difficult question is, whether as between the immediate parties the implied contract is to be treated as a written agreement which cannot be overthrown by parol testimony. If the contract which the law implies is in fact written out above the signature of the indorser, no one doubts that it is conclusive. Is that which is implied equally conclusive? In 2 Parsons on Notes and Bills, p. 23, the author says:

"The exact question is this: Suppose over an indorsement an agreement is written out in full, setting forth exactly the

same promises which the law implies from a blank indorsement: suppose further, that in an action by the indorsee upon this indorsement evidence was offered by either party which was inadmissible on the ground that it varied a written agreement: would the same evidence be inadmissible in the same action, if the indorsement were in blank? We are strongly disposed to say that it would be so, as a general rule, and to consider those cases in which such evidence would seem to be admissible as exceptions."

With the principle thus enunciated we concur. The contract which the law implies is of the same force as though it were reduced to writing, and can be limited or impeached by only the same kind of testimony. It would be folly to assert that the authorities are all in harmony, and that the cases in which testimony of a parol agreement has been admitted to vary the effect of an indorsement can all be reconciled as mere exceptions to and not in conflict with this rule. But the rule itself is well supported by authority, and seems to us resting upon sound foundations, and conducive to the stability and value of negotiable paper. The law gives to an indorsement a twofold force. It operates to transfer title; it is the assumption of a conditional liability. If an absolute liability is desired, apt words are well known, and in common use. A waiver of notice and protest, written above the indorsement, will make the liability certain — the liability of a surety, it may be, but still a fixed and certain liability on the instrument. If a transfer of title without assumption of liability is sought, equally apt and well-known words are at hand. "Without recourse," relieves the indorser. Where the law furnishes such apt, brief, and well-known expressions for making the indorsement accomplish exactly what the parties may desire, wise policy demands that each form of indorsement should conclusively carry with it the liability which it implies. There are no instruments concerning which it is more important that the rules should be clear, settled, and conclusive, than negotiable paper. Such paper subserves an invaluable purpose in business transactions, and should tell upon its face the whole

story of its obligations.   Where for convenience, and to facilitate business, certain short forms and expressions are used, to which the law has attached certain implications, those implications should be as conclusive upon all the parties as though the full contract were reduced to writing.   In a note by Judge Redfield to the case of *Dale v. Gear*, to which we shall refer hereafter, to be found in 12 Am. Law. Reg. (N.S.) p. 33, it is said:

"The abstract question, whether the legal intendment of a contract or instrument is any more open to explanation by oral proof, than the very language used, is one which can properly admit of no doubt.   The legal or natural implications, attendant upon the use of a term, are as much a part of the 'language' of a contract or instrument, as are the more direct and explicit meanings attached to the words."

In 1 Daniels on Negotiable Instruments, p. 533, the author says:

"But when it appears from an inspection of the paper that the party is an indorser, there seems to us no just ground for the distinction taken between the implied contracts arising from his mere name thereon written, and contracts written out *in extenso*.   The indorsement seldom consists of anything more than the indorser's signature; but if the agreement imported by that signature were written over it in full, the undertaking of the indorser would not be more clearly defined than it is by the signature itself.   Its presence and position upon the instrument are as plain a manifestation of the intention of the party as if it were set forth in express words, and parol evidence should not be admitted to vary or contradict it."

And again, on the succeeding page, after noticing the fact that an indorsement is in effect the drawing of a new bill, he adds:

"The following general rule may therefore be stated, to-wit: *that in an action by an immediate indorsee against an indorser, no evidence is admissible that would not be admissible in a suit by a party in privity with the drawer against him.*"

And again:

"Accordingly, the indorser cannot show against his indorsee that it was agreed that he should not be liable, and that his indorsement was without recourse on him."

16 — 20 KAS.

The case of *Dale v. Gear*, 38 Conn. 15, is a very strong, clear case in point, in which the court in reply to the claim that as between the indorser and indorsee parol testimony was admissible, uses this language: "But the answer must be, that the contract of indorsement is implied by law as clearly and perfectly from the blank indorsement of a negotiable note, irrespective of any contingency of negotiation, as if written out in full when indorsed." In that case, as well as in Daniels' treatise, some three or four limitations or exceptions are noticed, as, where the indorsement was without consideration — or, upon trust for some special purpose, as for collection merely — or, where there was an equity arising from an antecedent transaction, including an agreement that the note should be taken in sole reliance on the responsibility of the maker, and that it was indorsed in order to transfer the title in pursuance of such agreement, and where the attempt to enforce it would be a fraud. It is unnecessary in this case to inquire whether these limitations and exceptions are justly recognized, for while counsel for defendants in error claim that the allegations of their answer bring the case within the last exception, we fail to see anything in it beyond a mere claim of an agreement that they were not to be held liable on their indorsement. And in respect to their answer, we cannot do better than quote the language of the court in *Dale v. Gear*, supra: "But this plea shows no agency, trust, equitable relation, or equity connected with an antecedent transaction constituting a consideration for the agreement, or which would justify a court of equity in interfering to prevent an enforcement of the contract of warranty which the law implies. It presents a naked case of an attempt to prove, by parol, that a clear and unambiguous contract of warranty is not such, and to contradict it in terms — to turn an indorsement *without restriction*, before maturity, into a *restricted indorsement*. Such a plea cannot be sustained without a violation of essential principles." See also, as authorities: 1 Greenl. on Ev., § 276, note 2; *Lee v. Pile*, 37 Ind. 107; *Wilson v. Black*, 6 Blackf. 509; *Bartlett v. Lee*, 33

Ga. 491; *Woodward v. Foster,* 18 Gratt. 205; *Bank of Albion v. Smith,* 27 Barb. 489; *Fassin v. Hubbard,* 55 N. Y. 465; *U. S. Bank v. Dunn,* 6 Pet. 51; *Howe v. Merrill,* 5 Cush. 80; *Prescott Bank v. Caverly,* 7 Gray, 217; *Wright v. Morse,* 9 Gray, 337; *Biglow v. Colton,* 13 Gray, 310; *Goudy v. Harden,* 7 Taunt. 159. The case of *Davis v. Brown,* 4 Otto, 423, does not conflict with the views herein expressed, for there the evidence was of a cotemporaneous written agreement.

For the error in the ruling of the court in this respect, the judgment must be reversed, and the case remanded for a new trial. We think it probably unnecessary to consider the other errors alleged, and therefore content ourselves with the decision of this question.

All the Justices concurring.