## C. J. LOVEJOY v. THE CITIZENS' BANK.

1. EVIDENCE, *Rule Of; Exceptions and Limitations.* As a general rule, parol testimony is inadmissible to contradict or vary the terms of the contract which the law implies from the indorsement in blank of negotiable paper, yet this rule has its limitations and exceptions.

2. EXCEPTION TO RULE, *Sufficiently Pleaded.* In an action by a bank, against L., its president, to recover of L. as an indorser on a certain promissory note, payable to the order of L., president, at the bank, an exception to the rule is sufficiently set forth in the following answer: "Defendant admits the execution by the maker of the note, and the indorsement by the defendant, on the back thereof; but says the note was not executed to defendant, but to the bank in the name of the defendant, as president of the bank, and was so executed, because it was customary for the bank to take notes of its debtors, in the name of its officers as payees; that it was executed in consideration of a preëxisting and overdue indebtedness of the maker to the bank; that afterward, without any consideration or benefit whatever moving between the bank and defendant, or between the bank and anyone else, but

merely in accordance with the custom of the bank, the defendant, as president of the bank, and not otherwise, indorsed his name on the back of the note; that at no time was the defendant the owner and holder of the note, nor was any other person than the bank the owner thereof; and that the indorsement of the note by defendant was wholly and entirely without consideration."

*Error from Shawnee District Court.*

Action by the defendant in error, *The Citizens' Bank,* plaintiff below, against the plaintiff in error, *C. J. Lovejoy,* defendant below, and one J. R. Swallow, wherein the bank sought, as alleged indorsee for value, to charge Lovejoy as indorser of a certain promissory note, of which the following is a copy:

$1,260.          Topeka, Kansas, May 2d, 1873.

Ninety days after date I promise to pay to the order of C. J. Lovejoy, pres't, at The Citizens' Bank, North Topeka, twelve hundred and sixty dollars, with interest at 12 per cent. per annum, after due until paid; also cost of collecting, including reasonable attorney's fee if suit be instituted on this note.

Value received.          (Signed)          J. R. Swallow.

(Indorsed)   C. J. Lovejoy, *Pres't.*

*Lovejoy* appeared and answered for himself only. The first paragraph of his answer was as follows:

(*After title of the case, and preliminary statement:*) He admits the execution by defendant Swallow, of the note on which the plaintiff sues, and the indorsement by this defendant of his name on the back thereof, but he says said note was not executed to this defendant, but to the plaintiff, in the name of this defendant, as president of the plaintiff, and was so executed, because it was customary for plaintiff to take notes of its debtors in the name of one of its officers as payee; that it was executed in consideration of a preexisting and overdue indebtedness of the defendant Swallow to the plaintiff, and not for the purpose of procuring credit for the defendant Swallow, nor for this defendant, nor for any other consideration than said preexisting and overdue indebtedness of the defendant Swallow to the plaintiff; that afterward, without any consideration or benefit whatever moving between the plaintiff and this defendant, or between

the plaintiff and anyone else, but merely in accordance with the custom of the plaintiff, this defendant, as president of the plaintiff, and not otherwise, indorsed his name on the back of said note; that at no time was this defendant the owner and holder of said note, nor was any other person than plaintiff the owner and holder thereof at any time, and the said indorsement of said note by this defendant was wholly and entirely without consideration.

To this paragraph the bank filed a general demurrer, which was sustained by the court; to which ruling Lovejoy excepted, and brings the question here.

*Geo. W. Carey,* and *Guthrie & Brown,* for plaintiff in error.

*Douthitt & McFarland,* and *Hentig & Sperry,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In the case of *Doolittle v. Ferry,* 20 Kas. 230, Mr. Justice BREWER, in speaking for the court of the indorsement of negotiable paper, said: " Where the law furnishes such apt, brief, and well-known expressions for making the indorsement accomplish exactly what the parties may desire, wise policy demands that each form of indorsement should conclusively carry with it the liability which it implies." Again, "that those implications should be as conclusive upon all the parties as though the full contract were reduced to writing." While the general rule applicable in such cases has been stated so strongly and clearly, yet certain limitations and exceptions are noted in the opinion — as where the indorsement was without consideration, or upon trust for some special purpose, or where there was an equity arising from an antecedent transaction, including an agreement that the note should be taken in sole reliance on the responsibility of the maker, and that it was indorsed in order to transfer the title in pursuance of such agreement, and where the attempt to enforce it would be a fraud. We think these limitations and decisions are justly and wisely recognized in the authorities and decisions; and further, that the

portion of the answer in the case at bar which was objected to was amply sufficient, and the allegations, if true, a valid defense. The answer brings the case within the limitations and exceptions of the general rule, and the court erred in sustaining the demurrer. (*Doolittle v. Ferry*, supra, Sharsw. Starkie, 671; Daniel on Negotiable Instruments, vol. 1, p. 720; *Dale v. Gear*, 38 Conn. 15.)

The judgment of the district court will be reversed, and the case remanded with direction to overrule the demurrer filed by the defendant in error.

All the Justices concurring.