### H. J. MORRIS ET AL. v. BEAUMONT NATIONAL BANK.

#### Decided November 3, 1904.

**Forged Check—Liability of Bank.**

As between a depositor and a bank the latter is held to a knowledge of the signature and handwriting of its customers, and in the absence of some fault on the part of the customer affecting the question of liability, a forged check, whether the forgery was accomplished by material alteration or imitation of the signature, is honored by the bank at its peril.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Hardy & Hardy,* for appellant, cited Moody v. Bank, 46 S. W. Rep., 660; Leather Mfg. Bank v. Morgan, 6 Sup. Ct. Rep., 657; Iron City Bank v. Peyton, 39 S. W. Rep., 223; City Bank v. Nat. Bank, 45 Texas, 218.

No briefs for appellee.

GILL, ASSOCIATE JUSTICE.—On April 29, 1901, the firm of Morris & Browne had a deposit in the First National Bank of Beaumont. The deposit was in the name of Morris, the senior member of the firm. On the day named they subscribed for stock in a corporation thereafter to be organized by one H. M. Turner and gave him two checks on the First National Bank of Beaumont, one for the sum of $100 and one for $200, payable to the order of Turner, each being signed by H. J. Morris. They at once countermanded the checks for some reason and no-

tified the First National Bank not to pay them. They also notified Turner, but he did not surrender the checks. The officials of the last named bank suggested that in order to guard against their payment through inadvertence the entire deposit be withdrawn and placed elsewhere. Acting upon this suggestion the firm on May 3 withdrew the deposit and placed it with the Beaumont National Bank, saying nothing about the outstanding checks in the hands of Turner.

The checks were written upon the printed blanks of the First National Bank and Turner presented them to that bank for payment, which was refused. Thereupon Turner, without the knowledge or consent of the firm or either member thereof, ran a pencil through the printed word "First" in each of the checks and wrote in pencil "Bmt," so that the checks thereafter appeared on their face to be addressed to the Beaumont National Bank as payor. The alteration was not in the handwriting of Morris. This was the only respect in which they were altered. He thereupon presented them to the last named bank and they were paid in full and charged against the deposit of the firm. They were paid May 6, six days subsequent to their date, which showed they were drawn prior to the time the firm had a deposit in the Beaumont National Bank. On discovery of the facts the firm demanded the full balance of their deposit without reference to the checks, which they denounced as forgeries, but the bank refused the demand and the firm brought this suit for the recovery of their deposit, their pleadings setting up the facts.

The defendant, Beaumont National Bank, resisted the suit on the ground that they were innocent holders of the checks without notice of the forgery, and pleaded further that it was the local custom for banks to pay checks where the printed name of the payor was erased and another inserted in writing. That they had paid other checks of plaintiffs written the same way which were genuine, wherefore it claims it is not liable.

The trial court after hearing the evidence instructed a verdict for defendant and judgment was entered upon the verdict. Plaintiffs have appealed.

It is true that the defendant paid two other checks of the firm written upon the printed blanks of the First National Bank, the word "First" being erased by Morris in the same way and the word "Beaumont" substituted in ink. These checks were genuine.

Plaintiffs contend in their briefs that as the checks were forgeries the innocence of defendants is no defense. The defendants have filed no briefs.

We understand the law to be in line with the contention of plaintiffs. As between the depositor and defendant the latter is held to a knowledge of the signature and handwriting of its customer, and in the absence of some fault on the part of the customer affecting the question of liability a forged check, whether the forgery was accomplished by material alteration or the forgery of the signature, is honored by the depositee at its peril.

There can be no question as to the materiality of the alteration. The plaintiffs are not shown to have been guilty of any negligence in respect

to these checks, and it certainly can not be contended with any show of reason that it was their duty to foresee Turner's fraudulent act and notify defendant as against checks which had not been drawn against it. No local custom can give vitality to a forged check.

The facts being undisputed, the judgment of the trial court is reversed and judgment here rendered in favor of plaintiffs for the amount sued for with interest from the date of their demand upon defendant.

*Reversed and rendered.*