JOHNSTON *v.* SCHNABAUM.

Opinion delivered April 20, 1908.

1. BILLS AND NOTES—INDORSEMENT—PAROL EVIDENCE TO EXPLAIN.—Parol evidence is admissible to explain or qualify an unrestricted indorsement on commercial paper, as to show that the purpose of such indorsement was merely for collection, and not for a sale of the instrument, in which case there is no implied liability on part of the indorser as guarantor of payment. (Page 85.)

2. SAME—PAYMENT BY STRANGER—EFFECT.—Payment of a note by a stranger thereto and delivery to him of the note will be held to be a purchase until an intention to the contrary is shown. (Page 86.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed in part.

Appellants *pro se:*

The Bank of Maynard is not liable. It is shown in evidence that its indorsement on the note was without consideration to it, and was made for the purpose of collection only. Parol evidence was admissible to show the character of the indorsements, why and for what purpose they were made. 2 Enc. of Evidence, 521, 537, 255; 27 Ark. 329; 15 Ark. 372; 29 Ark. 501; Joyce on Defenses to Com. Paper, § § 212, 255.

*J. B. McCaleb* and *Witt & Schoonover,* for appellee.

The fact, if true, that the Bank of Maynard received no consideration for its indorsement is no defense except as against the accommodated party. Joyce on Defenses to Com. Paper, 279. It appears that the Redwine indorsement was made without authority, and since the Bank guarantied that indorsement it should be held liable for that reason. 3 Am. & Eng. Enc. of L. 831. One who indorses a note after maturity is liable on it as an indorser to his immediate indorsee and to subsequent holders. 7 Cyc. 826.

McCULLOCH, J. J. L. Johnston and G. H. Counts, together with G. S. Johnston, now deceased, executed to one Redwine as guardian of an infant their negotiable promissory note for the sum of $197 with interest from date, and at or before maturity of the note Redwine delivered it, bearing his blank indorsement, to the Bank of Maynard for collection and deposit of the proceeds to his credit. Appellants J. L. Johnston and Counts were sureties on the note for G. S. Johnston, the principal obligor. Subsequently, and after the maturity of the note, the Bank of Maynard, which was located at Biggers, Randolph County, Arkansas, received a verbal message from appellee, Schnabaum, requesting the bank to send the note to the Randolph County Bank at Pocahontas, and that he (Schnabaum) would "take it up."

The Bank of Maynard made the following indorsement on the back of the note: "Previous indorsement guarantied. Pay to the order of any bank or banker. (Signed) Bank of Maynard, by J. T. Talbert, cashier."

The note was then fowarded to the Bank of Randolph County for collection; appellee paid the full amount of the note and interest to the bank, and the note was delivered to him without further indorsement thereon, and the amount so paid was sent by the collection bank to the Bank of Maynard, and the latter in turn paid it over to Redwine.

Appellee held the note a year or longer, and then instituted this action on the note against the appellants, J. L. Johnston and Counts, as makers and the Bank of Maynard as indorser. Redwine was also sued, but the action was dismissed as to him.

Appellee testified that he instructed Robinson, the person by whom he sent the message to the Bank of Maynard, to request the bank to send the note to the Bank of Randolph County, but not to mark it paid, and that he would "take it up as received and would carry it until Johnston could pay it off." His testimony shows further that he did not, in making the payment, intended to discharge the debt, but intended to purchase the note and hold it for payment by the makers.

Robinson, in his testimony, denied that appellee instructed him to request the Bank of Maynard not to mark the note paid or that he expected to hold the note as secured. He testified that appellee only told him to request the bank to send the note to the Bank of Randolph County, and that he would "take it up." This, the evidence shows, was the only message ever delivered to the bank, and that the note was forwarded in response to this message.

The court instructed the jury that if the Bank of Maynard made the indorsement in question, and the note had not been paid to appellee, the bank was liable. This was equivalent to a peremptory direction to the jury.

We think that, according to the undisputed evidence, the bank was not liable.

So far as the guaranty of the previous indorsement of Redwine is concerned, that amounted only to a guaranty of the genuineness of the indorsement, and did not render the

bank liable on the note. The other part of the indorsement was unrestricted, and, unless explained, would render the indorser liable. But it is shown by undisputed evidence that the note was sent to the Bank of Randolph County for collection, and that the indorsement was made only for that purpose.

The question arises, then, whether parol evidence is admissible to explain or qualify an unrestricted indorsement. The authorities seem to uniformly sustain the view that under such circumstances parol testimony would be admissible for that purpose. Mr. Daniel, in discussing the various circumstances under which parol testimony is admissible for such purpose, says: "Secondly, it might be shown that the indorsement was upon trust for special purpose, as from a principal to an agent, to enable him to use the instrument or the money in a particular way, or for collection." 2 Daniel, Negotiable Instruments, § 720. See also to the same effect: Joyce on Defenses to Commercial Paper, § 255; *Doolittle* v. *Ferry,* 20 Kan. 230; *Lovejoy* v. *Citizens' Bank,* 23 Kan. 331; *Patten* v. *Pearson,* 57 Me. 428; *McDonough* v. *Goule,* 8 La. 473; *Lawrence* v. *Stonington Bank,* 6 Conn. 521; *Dale* v. *Grear,* 38 Conn. 15; *Ricketts* v. *Pendleton,* 14 Md. 320. In *Lovejoy* v. *Citizens' Bank,* 23 Kan. 331, a note was made payable to the president of the bank, individually, and was by him indorsed in blank to the bank. The court held that, notwithstanding the unrestricted indorsement, he could prove by parol evidence that the note represented a debt of the maker to the bank, and that he (the nominal payee) made the indorsement merely for the purpose of passing title to the bank.

No rule of evidence is, we think, violated by admitting such explanation. While the law implies, from an unrestricted indorsement, a contract to guaranty payment of negotiable paper, still the fact may be shown that the purpose of the assignment was merely for collection, and not for a sale of the instrument; and when this is shown, no liability as guarantor of payment is implied.

The appellee in this case knew that the note was forwarded by the bank only for collection, and could therefore claim no greater rights under the indorsement than his immediate transferee could have claimed. Indeed, the form of the

indorsement itself may be said to show on its face that it passed the title for collection only. It reads "to any bank or banker," which would indicate that it was for collection.

The other two appellants stand in a different attitude. They appeared on the face of the note as joint makers, but were in fact merely sureties for G. S. Johnston. They were primarily liable to any holder of the note for the amount thereof, notwithstanding any irregularity in the indorsement.

Appellee was a stranger to the contract represented by the note, and a payment by him of the amount and delivery to him of the note will be held to be a purchase until an intention to the contrary is shown. 7 Cyc. p. 1025. These two appellants did not, in their answer, make any denial of the transfer of the note to appellee as alleged in the complaint, but rested their defense entirely upon the plea of payment. There was some evidence tending to show that the note was paid to appellee by Johnston, the principal debtor, but there was a conflict in the testimony, and the jury settled that issue in favor of appellee.

The judgment against the Bank of Maynard is reversed, and the cause is dismissed, but the judgment against the other two appellants is affirmed.