FIRST NAT. BANK OF IOWA CITY, IOWA, v. DORSEY.

(Court of Civil Appeals of Texas. Texarkana. April 2, 1914.)

1. BILLS AND NOTES (§ 378*)—EFFECT.

The fraudulent alteration of a note by changing the time of payment, the amount of principal to be paid, and extracting a material condition requiring the payee to execute a bond to secure the faithful performance of a specified contract avoided the note and precluded a recovery thereon, even in the hands of a bona fide holder for value without notice.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 985–992; Dec. Dig. § 378.*]

2. APPEAL AND ERROR (§ 1040*)—RECEPTION OF EVIDENCE—CURING ERROR.

Error, if any, in overruling exceptions to a plea of failure of consideration for a note sued on by a bona fide holder, and in receiving evidence in support of such plea, was cured by an instruction that the jury should return a verdict for plaintiff, notwithstanding a failure of consideration, unless they found that the note had been materially altered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from Kaufman County Court; Jas. A. Cooley, Judge.

Action by the First National Bank of Iowa City, Iowa, against C. W. Dorsey. Judgment for defendant, and plaintiff appeals. Affirmed.

The suit originated in the justice court, and is by appellant against the appellee on a promissory note for $175. The petition alleged that the note was executed by appellee on February 17, 1910, payable to the order of the Equitable Manufacturing Company, and due in six installments, in 4, 6, 8, 10, 12, and 14 months, respectively, after date, and that the appellant bank purchased it from the Equitable Manufacturing Company in the ordinary course of business, before maturity and for a valuable consideration. The appellee filed a sworn plea of non est factum, averring the vice in the note sued on to be unauthorized and fraudulent alterations of material terms of the note since the delivery to the agent of the Equitable Manufacturing Company, and also plead failure of consideration, conditional delivery of the note, and conspiracy to defraud appellee on the part of the payee of the note and the bank. The case was tried to a jury. The only issue of fact submitted by the court to the jury for their decision was in respect to the plea of non est factum, and the verdict of the jury was in favor of the defendant.

The Equitable Manufacturing Company is engaged in the wholesale jewelry and advertising business. Its authorized agent contracted a sale to appellee on February 17, 1910, of certain jewelry of a specified quality, which was to be shipped to him thereafter. The contract was in writing, and the contract price was to be payable in six installments, but such contract is not in the record. Appellant offered in evidence the note sued on as the note signed by appellee for the jewelry, and proved a purchase from the payee in the ordinary course of business, before maturity, for a valuable consideration, and without notice of any of the alleged defenses. The managing partner of the payee of the note testified that they received the note through mail from their agent and then sold it to the bank. The agent does not testify. The appellee testifies that, as an inducement to him to execute and deliver a note for the total purchase price agreed to be paid for the jewelry, if it should meet the quality contracted for, the appellant's agent agreed that appellant would execute a bond to secure the faithful performance of the contract, and that the bond would be deposited with the First State Bank of Terrell, Tex. Appellee says he then signed a note payable to appellant's order in five installments of $27.50 each, and one of $34, and that at the time the words "The Equitable Manufacturing Company agrees to furnish a bond to protect C. W. Dorsey in this contract" were written with an indelible pencil on the side of the note as a term of agreement in the note. After execution of the note, appellee at once delivered it to the agent of the Equitable Manufacturing Company. Appellee says he did not agree to any change or alteration of the note, and that any alterations or erasures were made after he delivered the note, and without his knowledge or au-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

thority. The note sued on and the note appellee executed are, appellee says, different in this: The note sued on has the principal to be paid in the first five installments of $28, and in the last of $35, while the one he signed has the principal payable in each of the first five installments of $27.50, and in the last of $34; and the note sued on has the figures "$175.00" written in ink on the upper left-hand corner, while the note he signed had no figures there; and the note he signed had the words "The Equitable Manufacturing Company agrees to furnish a bond to protect C. W. Dorsey in this contract," while the note sued on has on it no such words. The only testimony in rebuttal of appellees is the testimony of a witness for appellant that in the justice court trial appellee said nothing about any changes or alterations in the note sued on, but claimed that the jewelry was no account. The verdict of the jury involves the finding of fact that material alterations were fraudulently made in the note after the delivery of the same by appellee, and that such alterations were made without the knowledge and authority of appellee. And there is evidence to support the finding of fact on the part of the jury.

Dashiell, Crumbaugh & Coon, of Terrell, for appellant. Wynne, Wynne & Gilmore, of Wills Point, for appellee.

LEVY, J. (after stating the facts above). The appellant filed a sworn plea of non est factum. The plea could be properly construed only as averring that the note sued on had been fraudulently altered after its delivery to the agent of the Equitable Manufacturing Company by changing the amounts and dates of payment, and by entirely erasing therefrom the contract stipulation "The Equitable Manufacturing Company agrees to furnish a bond to protect C. W. Dorsey in this contract." The court in his charge authorized a verdict for appellee upon the finding by the jury of fraudulent alteration of the note as pleaded. Appellant first directed a general exception to the entire averment, which was by the court overruled, and next excepted to submitting the plea to the jury, as without evidence to support it, and further asked a peremptory instruction in favor of appellant, which was refused. All the assignments in respect to the questions can here be considered together for a ruling. Appellant makes the contention that the exception to the plea should be sustained, because it failed to allege that the appellant had knowledge or notice of the alleged alteration. The unauthorized alteration of a completed instrument by a material change in its terms, with intent to defraud, is forgery. Article 531, P. C. 1895 of Texas.

[1] The alteration that would affect the legal validity of the instrument may consist in changing the time of payment and the amount of principal to be paid, or in extracting from it some material provision incorporated in it, as, is averred, was done in this instance. 2 Daniel on Neg. Instr. (5th Ed.) §§ 1375, 1384, 1391. As further illustrations: Morris v. Bank, 37 Tex. Civ. App. 97, 83 S. W. 36; Baldwin v. Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56. And the fraudulent alterations of a note so far alters its legal effect as that it cannot be sued on in its altered form, nor read in evidence to support an action, even when brought by a bona fide holder without notice. 2 Daniel Neg. Instr. (5th Ed.) § 1413; 3 Page on Contracts, § 1398; Otto v. Halff, supra; Adams v. Faircloth, 97 S. W. 507; Morris v. Bank, 37 Tex. Civ. App. 97, 83 S. W. 36. It is believed to be sufficient reason for overruling the objection to the plea that no party can enforce a negotiable instrument if it be not genuine. There was no error, further considered, in submitting the plea to the jury, unless, as claimed by appellant, there was no evidence warranting the issue. The appellee testified in accordance with his sworn plea. If the testimony of appellee be true (which was for the jury to say), there was a very material change in the note after he delivered it to the agent of appellant, and such alterations were made without his knowledge or authority. As a consequence of such evidence, the court was required to pass the question to the jury for decision by them. Assignments Nos. 1, 5, and 8 are therefore overruled.

[2] Appellee pleaded failure of consideration of the note, and a conditional delivery to the agent of the payee. The pleas were excepted to, on the ground that they were not available defenses against a bona fide holder of the note without notice. The court overruled the exceptions. And appellee offered evidence in support of the pleas, which was objected to by appellant upon the same ground above stated. The objections were overruled by the court. But, when it came time for the court to instruct the jury, he peremptorily charged them that they should return a verdict for plaintiff, notwithstanding a failure of the consideration. So any error of the court in respect to the rulings mentioned was eliminated as an injury when the court, by a binding instruction, told the jury that such defense pleaded and proven could not at all avail the defendant, and that they must nevertheless find for the plaintiff. Assignments Nos. 2, 3, 4, 6, and 7 are overruled, as without injury warranting a reversal.

The judgment is affirmed.