CITIZENS TRUST COMPANY, a Corporation, as Receiver of PEMISCOT COUNTY BANK, a Corporation, Respondent, v. J. M. WARD, Appellant.

Springfield Court of Appeals, January 8, 1917.

1. **BILLS AND NOTES: Indorsement: For Collection: Title.** An endorsement on a note "Pay to any bank or banker" is an endorsement for collection and an endorsement for collection does not transfer title.

2. ———: **Third party Obtaining Possession: Relationship to Paper: Intention.** What the relation of a third party or stranger

to commercial paper is when he puts up his money and acquires possession of the paper is a question of intention which must be ascertained from all the facts, circumstances and conditions of the parties surrounding the transaction.

3. ————: Stranger to Note: Paying or Purchasing: Jury Question. A note was sent to a bank, which was a stranger to the note, for collection endorsed, "Pay to any bank or banker." Whether the bank to which the note was sent, by forwarding draft for full amount, intended to pay the note or purchase it was *held* a question of fact for the jury.

4. ————: ————: Evidence Admissible. Action by receiver of a bank against an endorser on a note forwarded for collection, which was either paid or purchased by bank by sending back draft for full amount. That note had never been listed by the bank as an asset and where the receiver found such note, properly admitted in evidence.

5. ————: ————: Erroneous Instructions. Action by receiver of a bank against an endorser on a note forwarded for collection. certain instructions reviewed and considered erroneous.

6. ————: Evidence: Audit of Bank Books: Condition: How Proven. Action on a note by a receiver of a bank. Where the books of the bank were voluminous, witness could show the condition in which he found the books and papers of the bank and what he discovered while going through them as an auditor, although he had never audited bank books before.

7. ————: Indorsers: Holders May Sue Any or All. The holder of a note may sue any or all of the endorsers.

8. ————: Suit by Bank Receivers Against Endorsers: Who should be Joined. Action by bank receiver against one of several endorsers of a note. On application the court should order the receiver to sue all parties and thus avoid a multiplicity of suits.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*R. L. Ward* for appellant.

*C. G. Shepard* for respondent.

FARRINGTON, J.—The plaintiff (respondent) recovered a judgment for $6,141.65, which represents the balance due on the principal sum of a promissory note

with interest thereon, which note had been signed by the
Missouri Cotton Oil Company, a corporation, as prin-
cipal, and the defendant herein together with five others
as accommodation indorsers.

The amended petition alleged that plaintiff is the
duly appointed Receiver of the Pemiscot County Bank;
that the Missouri Cotton Oil Company on January 25,
1912, executed this note payable to itself in the sum of
$10,000, and that Ward and others indorsed their names
on the back guaranteeing its payment; that the note was
delivered by the Missouri Cotton Oil Company, indorsed,
to the Amercan Trust, Company, and a copy of the note
is set out showing the indorsers thereon; that on October
24, 1912, there was remaining a balance due and unpaid
on said note amounting to $5,025, and that the American
Trust Company was the owner and legal holder of the
note; that one A. C. Tindle was at that time the acting
cashier of the Pemiscot County Bank, and was at the
same time the president of the Missouri Cotton Oil Com-
pany; that this note was forwarded by the American
Trust Company to the Pemiscot County Bank for col-
lection—that is, it was indorsed on the back "Pay to any
bank or banker;" that on receipt of the note by the Pemi-
scot County Bank the said Tindle caused the amount due
thereon to be drawn out of the funds of the Pemiscot
County Bank by drawing a draft and forwarding the
same to the American Trust Company; that neither the
Missouri Cotton Oil Company nor any of the indorsers or
signers of said note ever paid the balance due on the note
either to the American Trust Company or to the Pem-
iscot County Bank; that the action of the Pemiscot
County Bank in paying its funds to the owner of said note
constituted it the owner and holder of the note entitled to
collect the same from the maker and indorsers of the
same, one of whom is the defendant.

The defendant answered by a general denial, and by
special pleas (1) that the Pemiscot County Bank never
became the owner of the note and (2) that the amount
that was paid by the Pemiscot County Bank was not its
own funds but that the payment was out of funds on de-

195 M. A.—15

posit in said bank belonging to the Missouri Cotton Oil Company. The first of these special pleas raises a question of law, the second, one of fact.

If the contention of the defendant based on the first of these pleas is well taken, that is, that the Pemiscot County Bank could become the purchaser of this note even though it did forward its own funds because the note was sent to it for collection and not negotiation, plaintiff's case must fail entirely, and we will therefore take up the consideration of that contention.

Following the defendant's (appellant's) reasoning, it must be admitted that the indorsement on the note "Pay to any bank or banker" is an indorsement for collection and that an indorsement for collection does not transfer title. [Bank of Indian Territory v. First National Bank, 109 Mo. App. 665, 83 S. W. 537; National Bank of Rolla v. First National Bank of Salem, 141 Mo. App. 719, 125 S. W. 513.]

Appellant contends, relying on the fact that the note was in the hands of the Pemiscot County Bank for collection and for no other purpose, that when it sent the money to the owner and holder of the note the same thereby became extinguished and the signers and indorsers thereby discharged on that obligation, in support of which he cites the case of People's & Drovers' Bank of Washington v. Craig, 63 Ohio St. 374, 52 L. R. A. 872. That case clearly sustains appellant in his contention and the facts of that case are so like the facts in the case at bar as to make it an authority. Appellant also cites the case of Eastman v. Plumer, 32 N. H. 238, which, however, is not an authority on the question before us because in that case the maker of the note when called upon for payment borrowed the money from a third party and took it to the holder of the note, paying it over to him and receiving the note from the holder; and it was held that the note was paid and discharged and was not kept alive for the benefit of the person from whom the maker borrowed the money with which to pay it off. Likewise, in the case of Lancey v. Clark, 64 N. Y. 209, cited by appellant, Lincoln was primarily liable for the payment of a certain

note. He took some money belonging to the plaintiff in that suit and paid that money to the holder of the note. He then sent the note to the man from whom he had obtained the money, and in an action by the latter it was held that when Lincoln had taken the note up, from the holder, he being primarily liable, the note was discharged; that had Lincoln brought suit on the note when he took it up there could be no recovery by him, and, as the note was past due, the plaintiff in the case, acquiring or getting it from Lincoln, merely stood in Lincoln's shoes.

If the Ohio case, supra, had been a decision by the Supreme Court of this state we would hold that the plaintiff in this case has no cause of action.

But the question what is the relation of a stranger or third party to commercial paper when he puts up his money and acquires possession of the paper is one, under many authorities, of intention, the same to be ascertained from all the facts and circumstances and the condition of the parties surrounding the transaction.

In 7 Cyc. 1025, we find that if a note is paid after its maturity by a stranger it will generally be held to be a purchase and not a payment of the instrument, and that whether it is a purchase or a payment is a question of intention to be determined from the facts, acts and declarations of the parties, and surrounding circumstances, citing a great number of decisions from nearly all the States.

In the case of Swope v. Leffingwell, 72 Mo. 348, it is held that if a stranger to a note takes it up with his money, the presumption is that it was a purchase and not a payment, and that the question whether it was a purchase or a payment is one of intention. [See, also, Kyne v. Erskine, 7 Mo. App. 591; Vansandt v. Hobbs, 84 Mo. App. 628; Allen v. Dermott, 80 Mo. l. c. 59; Lipscomb v. Talbott, 243 Mo. 1, 147 S. W. 798; Prather v. Hairgrove, 214 Mo. 142, 112 S. W. 552.]

The case of Harbeck v. Vanderbilt, 20 N. Y. 395, was cited with approval and quoted from in the case of Swope v. Leffingwell, 72 Mo. 348, l. c. 358-360. In the

case of Harbeck v. Vanderbilt, it was held, in dealing with this question, that where the amount due upon a judgment is paid wholly or in part by one who is not a party to nor bound by it, the judgment is extinguished or not, according to the intention of the party paying.

.The rule is laid down as clearly against the appellant's contention in the case of President, Directors, etc., of the Pacific Bank v. Mitchell, 9 Metc. (Mass.) 297, as it is in his favor in the Ohio case, supra. That case (the Massachusetts case) is cited with approval in the case of Dodge v. The Freedmen's Saving and Trust Company, 93 U. S. 379, 23 L. Ed. 920. The holding of the Massachusetts case is that when the holder of a bill of exchange, accepted for the accommodation of the drawer, sends it to a bank for collection, and the bank, when the bill comes to maturity, passes the amount thereof to the credit of the holder, this is not such a payment as discharges the acceptor; but that the bank succeeds to the rights of the holder, and may maintain an action on the bill against the acceptor. [See, also, Ketchum v. Duncan, 96 U. S. 659, 24 L. Ed. 868; Wood v. The Guarantee Trust and Safe Deposit Co., 128 U. S. 416, 32 L. Ed. 472; and Cussen v. Brandt, 97 Va. 1, 75 Am. St. Rep. 762.]

It is held in the case of Johnston v. Schnabaum, 86 Ark. 82, 109 S. W. 1163, 17 L. R. A. (N. S.) 838, that where a stranger pays the amount of a note and receives a delivery of it to himself from a bank with which it has been placed for collection only, such stranger is a purchaser of the paper.

In 2 Daniel on Negotiable Instruments (6 Ed.), secs. 1221 and 1222, in a discussion of this question, it is declared that the question whether it is a payment or a purchase is one of intention.

The question is squarely met and decided in the case of McDonnell v. Burns, 83 Fed. 866, in an opinion rendered by PHILIPS, J., as a circuit judge, which opinion was approved and adopted on an appeal to the United States Circuit Court of Appeals. In that case it was held that the indorsement of a note without recourse, after maturity, by a bank to which it was sent for col-

lection, to one paying full value therefor, but who prior to said transfer was a stranger thereto, is not a payment of the debt, but is a valid transfer of the note with its security.

In the case at bar the evidence of the plaintiff tended to show that the Pemiscot County Bank, for which plaintiff now stands, was a stranger to the note in question, that it advanced the full face value out of its funds and paid the same to the owner and holder of the note, that the note was not marked paid nor in any way on its face shown to have been paid, and that it was in the possession of the Pemiscot County Bank. This, we think, clearly raised a question of fact to be determined by the jury under all the circumstances and conditions as to whether or not the Pemiscot County Bank when it forwarded the draft for the full amount due on this note as a stranger intended to pay it off and discharge the obligation or intended to purchase the same. We must therefore hold against the appellant on his contention that under these facts the plaintiff, as a matter of law, is precluded from suing on this note.

On the question of whether the amount paid by the Pemiscot County Bank to the owner and holder of the note had been paid to it by the Missouri Cotton Oil Company, the evidence of the plaintiff tended to show that there was nothing on the books of the bank showing a charge against the cotton oil company or the accounts of certain officers of that company who had money belonging to the company; that is, the evidence of the plantiff tended to show the payment of this money by the Pemiscot County Bank, and also tended to show that neither the maker of the note nor any of the indorsers on it had ever paid the money to the bank with which it took up the note from the owner and holder.

While on this subject, we think the trial court committed reversible error in the exclusion of certain testimony on this point. It was shown without controversy that the books of the bank failed in many cases—yes, in hundreds of instances—to show the true and proper condition of its accounts and the accounts of its customers;

the books failed to show deposits that had been made running into the hundreds of thousands of dollars, and failed to show credits due the bank. It was also disclosed that after this payment there were charges against the Missouri Cotton Oil Company on the bank's books which exceeded the amount of the payment, and as to some of these items shown on the bank's books the plaintiff did not disclose in what they consisted. If the intention of the Pemiscot County Bank in acquiring and holding possession of this note is to be ascertained, then evidence offered by the defendant was improperly excluded. The defendant undertook to show that on the books of the Pemiscot County Bank this note had never been listed as an asset of the bank, and the court, over the objection and exception of the defendant, refused to allow this evidence to go in. Defendant also undertook to show where the note was found by the Receiver after taking charge of the bank, and this the court also excluded. We think these matters are material in ascertaining the intention of the bank. If the note was not listed as an asset and was not kept by the bank where valuable papers—such as this was if it was purchased—were kept, the jury had a right to weigh this in determining the question whether the bank made a purchase or a payment.

Instruction No. 1 given by the court eliminated entirely the question of intention, but told the jury if they found that the money was paid by the Pemiscot County Bank and was not repaid to it by the Missouri Cotton Oil Company they should find for the plaintiff. This was erroneous. The same error occurred in instructions numbered 3 and 4 given by the court.

It was proper to permit the plaintiff to show by witness Peck the condition in which he found the books and papers of the bank and what he discovered while going through the books and papers as an auditor. It was shown that the books were voluminous. The only reasonable and practicable way in which the court and jury could be informed concerning what they disclosed was by taking the testimony of some one who had examined them with a view of ascertaining the facts concerning

this transacton.  The fact that plaintiff had never audited bank books before merely went to the weight of his testimony.

In view of the fact that the case must be retried we suggest that plaintiff, if so advised, amend its petition so as to leave no doubt that it counts upon the ownership of the note in the Pemiscot County Bank as a purchaser, and that it either file the original note with the petition or a verified copy thereof to conform to section 1844, Revised Statutes 1909.

The defendant, who is a citizen and resident of the State of Tennessee, filed a motion in the trial court asking that the plaintiff be required to make the other five indorsers of this note parties defendant, and alleged in his motion that these five indorsers were all residents of Pemiscot county, and that, if they were made parties defendant and a judgment should be rendered in favor of the plaintiff, it would save the necessity of litigation for contribution.  We readily agree with the plaintiff that it was not error for the trial court to overrule this motion as the plaintiff has the privilege of suing all or any of the indorsers on the note.  However, in this case the plaintiff is a Receiver, a quasi-public official, an arm of the court, and no good reason has appeared to us in this record why the Receiver should not be entirely willing to join all the indorsers on the note as defendants or why the court appointing such Receiver would not on application made, order the Receiver to sue all parties to the note.  If the indorsers are to be adjudged liable for the payment of this note it will undoubtedly tend to avoid further litigation, among themselves, to make them parties to this suit, and we take it that it is the duty of the courts and their officers and Receivers to be of one mind in the matter of avoiding, whenever feasible, a multiplicity of suits.

The judgment is reversed and the cause remanded.

*Robertson, P. J.,* and *Sturgis, J.,* concur.