FIRST NAT. BANK OF NEWSOM v. J. C. WALLING & SON. (No. 2222.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 19, 1920. Rehearing Denied March 4, 1920.)

BANKS AND BANKING ⬅148(3)—WHERE DEPOSITOR DRAWS A CHECK SO NEGLIGENTLY THAT IT MAY BE DECEPTIVELY RAISED, BANK NOT LIABLE FOR PAYING IT AS RAISED.

While a bank cannot hold the depositor  here it pays out money on forged check, yet, where the depositor draws a check in so negligent a manner that it can be raised without exciting the suspicion of a prudent and cautious man, and the bank pays the amount so raised, the depositor and not the bank must bear the loss himself; hence an answer setting up such facts in an action against the bank should not be stricken on exception.

Appeal from Camp County Court; C. E. Bryson, Judge.

Action by J. C. Walling & Son against the First National Bank of Newsom, Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Bass & Engledow, of Pittsburg, for appellant.

J. H. Beavers, of Winnsboro, for appellee.

LEVY, J. The appellees sued the appellant bank to recover money alleged to have been paid by the bank on certain forged checks charged to appellees' account. It was alleged that one of the checks was a genuine check of appellees for $12.40, but fraudulently raised by the payee to read $112.40. The bank, among other things, pleaded as a defense:

"That the check for the sum of $112.40 paid by the defendant on December 17, 1917, which the plaintiffs allege was raised from $12.40 to $112.40, was so carelessly and negligently drawn by plaintiffs as easily to be made to read $112.-40, and that no reasonably cautious and prudent person could detect the fraud, and that defendant did not and could not by the exercise of care and prudence detect the fraud; wherefore the defendant says that plaintiff should not recover the balance on said raised check."

This plea was, on exception by the plaintiffs, stricken out by the court, and the ruling is made the basis of an assignment of error.

A check forged as to signature and amount and form is entirely without fault of the depositor in the bank, and such depositor is entirely innocent of any wrongdoing or neglectful act. But the question is entirely different where, as here alleged, the drawer has actually drawn his check and has prepared it so negligently that it can be easily altered in amount, and the bank officials could not by proper care and diligence have detected that the true amount had been fraudulently raised by the payee in amount. The pleading made the right of the bank to recover dependent solely upon a finding of negligence on the part of the drawer in preparing the check. The authenticity of the signature to the check is not involved. It is believed that the defendant is entitled to show, as a defense, as between it and the depositor, that it has done all that due care and foresight would suggest, and that the real and proximate cause of the loss, in making payment of a fraudulently altered check, was solely caused by the negligence of the drawer in so preparing the check as that it can be easily altered without exciting the suspicion of a prudent and cautious man. 7 Corpus Juris, § 713; 5 Cyc. p. 544. See Rouvant v. Bank, 63 Tex. 610; Morris v. Bank, 37 Tex. Civ. App. 97, 83 S. W. 36; Tel. Co. v. Bank, 97 Tex. 219, 77 S. W. 603, 65 L. R. A. 805, 1 Ann. Cas. 573. The person free from negligence should not suffer the loss. The drawer can blame, as against the bank, no one but himself, as a consequence of his own negligence.

The judgment is reversed, and the cause remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes