FIRST NATIONAL BANK OF FORT SMITH *v.* BRUNK.

Opinion delivered February 22, 1926.

1. BILLS AND NOTES—INDORSEMENT—PAROL EVIDENCE.—Parol evidence is admissible to explain or qualify unrestricted indorsements of commercial paper.

2. CUSTOM AND USAGE—EVIDENCE.—Evidence is admissible to show a custom or usage between two banks to charge back unpaid checks.

3. BANKS AND BANKING—NATURE OF TITLE TO DRAFT—EVIDENCE.—Where it was a question whether defendant bank acquired the draft in question by purchase or for collection merely, it was improper to admit evidence as to collateral paper held by defendant as security for other debts.

4. BILLS AND NOTES—RESTRICTIVE INDORSEMENT.—Indorsement of a draft "to any bank, banker or trust company" is not restrictive, under Crawford & Moses' Dig., § 7802.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

*Daily & Woods,* for appellant.

*Warner, Hardin & Warner,* and *H. H. Thomas,* for appellee.

HUMPHREYS, J. Appellee brought this suit against appellant and the First National Bank of DeQueen in the circuit court of Sebastian County, Fort Smith District, for the possession of a draft for $1,603 or its proceeds, drawn upon the State National Bank of Texarkana by the First National Bank of DeQueen in favor of appellee. Appellee alleged, in substance, that he was the owner of the draft, having deposited same on April 21, 1924, after indorsing it in blank to the First National Bank of Poteau, Oklahoma, for collection; that the First National Bank of Poteau forwarded same to appellant, which holds the draft wrongfully, claiming to be the owner thereof; that appellant, upon receipt of said draft, became appellee's agent for the collection thereof, and acquired no right, title, or interest therein; that both appellant and its co-defendant, First National Bank of DeQueen, have failed to pay appellee the amount of the draft, although due demand has been made therefor; that

at the time appellee deposited the draft with the First National Bank of Poteau, Oklahoma, for collection, it was hopelessly insolvent.

Appellant, First National Bank of Fort Smith, filed an answer and cross-complaint admitting the execution and delivery of the draft by the First National Bank of DeQueen to appellee, but denying the other material allegations of the complaint. It alleged by way of cross-complaint against appellee and its co-defendant, First National Bank of DeQueen, that the First National Bank of Poteau, by its unrestricted and unconditional indorsement, indorsed and delivered said draft to it for value in due course of business and without notice of any defect in title, if any, and asked for judgment against its co-defendant and appellee for the amount of the draft, together with interest and protest fees.

The First National Bank of DeQueen filed an answer to the complaint of appellee and the answer and cross-complaint of appellant, disclaiming any interest in the draft, and tendering the amount thereof into court.

Appellee filed an answer to the cross-complaint of appellant, denying the material allegations therein and amplifying his original allegation concerning the insolvency of the First National Bank of Poteau at the time he deposited the draft therein by alleging that the officers of said bank had full knowledge of its insolvency, and that in receiving said draft a fraud was perpetrated upon appellee, and that neither the First National Bank of Poteau nor appellant acquired any title to said draft or its proceeds.

The cause was submitted to a jury upon the pleadings, testimony adduced by the respective parties, and the instructions of the court, which resulted in a verdict and judgment in favor of appellee for the amount of the draft and interest, from which an appeal has been duly prosecuted to this court.

It will be observed from the pleadings that only two issues were presented; first, whether appellee parted with the title to the draft when he indorsed same in blank

to the First National Bank of Poteau; and, second, whether appellant subsequently acquired title thereto as an innocent purchaser for value from the First National Bank of Poteau. It was necessary for appellee to introduce testimony in support of the first issue tendered before he was in position to controvert the claim of appellant that it was an innocent purchaser of the draft for value. Appellant asks for a reversal of the judgment because the trial court permitted appellee to explain or qualify his indorsement of the draft in blank by parol evidence. The rule is practically universal that unrestricted indorsements of commercial paper may be explained or qualified by parol evidence. *Johnson* v. *Schnabaum,* 86 Ark. 82, and authorities cited therein upon that point; *Cox Grocery Co.* v. *National Bank,* 107, Ark. 603.

Appellant also asks for a reversal of the judgment because the trial court permitted witness Stevenson to testify as to the custom of banks to charge back unpaid checks. We understand that the custom alluded to by the witness had relation to the understanding existing between appellant and the First National Bank of Poteau touching upon business transactions of this character between them. The testimony was therefore clearly admissible.

Appellant also asks for a reversal of the judgment because the trial court required witness Stevenson to testify on cross-examination regarding the collateral held by appellant to secure the indebtedness of the First National Bank of Poteau to it. We are unable to understand the relevancy of this testimony to the issue of whether appellant acquired the draft by purchase or merely received it for collection. It was no part of the debt secured by the collateral, and was not a part of the collateral securing the debt. It was error to admit this piece of testimony as a circumstance tending to establish the fact that appellant was not an innocent purchaser of the draft for value.

The following indorsement of the First National Bank of Poteau appears upon the draft in question: "To any bank, banker, or trust company." Relating to the legal effect of this indorsement, appellee requested the court to give the following instruction, which request was granted: "Under the undisputed testimony the indorsement of the said Poteau Bank on said draft reads 'to any bank, banker, or trust company,' and the court charges you that this indorsement indicates on its face that it passes the title to said draft for collection."

This instruction was peremptory in its nature, telling the jury that the indorsement was restricted in the sense that it showed on its face that it merely passed the title to the draft for the purpose of collection only. The instruction was based upon the construction placed on a like indorsement in the case of *Johnson* v. *Schnabaum,* 86 Ark. 82. The opinion in this case was delivered prior to the passage of the "Negotiable Instruments Act," one section of which defines restrictive indorsements as follows: An indorsement is restrictive which either (1) prohibits the further negotiation of the instrument; or, (2) constitutes the indorsee the agent of the indorser; or (3) vests the title of the indorsee in trust for or to the use of some other person."

"But mere absence of words implying power to negotiate does not make an indorsement restrictive." Crawford & Moses' Digest, § 7802.

The indorsement in the instant case does not come within the definition of restrictive indorsements as defined by § 7802 of Crawford & Moses' Digest. *National Bank of Commerce* v. *Bossemeyer* (Neb.), 162 N. W. 503; *Interstate Trust Co.* v. *United States National Bank,* 185 Pac. 260.

Having concluded that the trial court committed reversible errors, pointed out above, in the trial of the case, we deem it unnecessary to set out the substance of the whole evidence and discuss the other alleged errors insisted upon by appellant for a reversal of the cause.

It may be on a new trial of the cause that additional evidence will be introduced. Suffice it to say that, in the new trial of the cause, the testimony should be confined to the two issues joined by the pleadings and submitted upon instructions applicable to the testimony adduced responsive to those issues.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.