FIRST NAT. BANK OF WINNSBORO et al.
v. FIRST NAT. BANK OF QUITMAN,
TEX., et al.   (No. 1016–4905.)

Commission of Appeals of Texas, Section A.
Nov. 30, 1927.

1. Banks and banking ⬳140(3)—Bank's retention of check, forwarded for collection, for over 24 hours, does not render it liable as acceptor; acceptance (Negotiable Instrument Law, § 132).

Bank's retention of check, forwarded to it for collection and payment, for more than 24 hours, does not render it liable as "acceptor" under Negotiable Instruments Law (Rev. St. 1925, arts. 5932–5948); "acceptance" referred to in sections 62, 136, 137, 185, 187, 188, being "acceptance" described in section 132, which must be in writing and signed by drawee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acceptance.]

2. Courts ⬳91(1)—Decisions of Courts of Civil Appeals are controlled by contrary decision of Commission of Appeals.

Decisions of Courts of Civil Appeals in conflict with decision of Commission of Appeals are controlled thereby.

3. Bills and notes ⬳295—Bank's noting on checks, "All prior indorsements guaranteed," guaranteed genuineness of payees' indorsement.

Bank's placing on checks handled by them notation, "All prior indorsements guaranteed," guaranteed genuineness of indorsement by payees named in checks.

4. Banks and banking ⬳149—Bank's acceptance of forged indorsement and notation on check, "All prior indorsements guaranteed," entitled drawee bank to relief.

Bank's acceptance of forged indorsement and circulation thereof, with guaranty of integrity by notation on check, "All prior indorsements guaranteed," was sufficient to entitle drawee bank to relief, irrespective of application of Negotiable Instruments Law (Rev. St. 1925, art. 5936, §§ 65–67).

---

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Wood County against the First National Bank of Quitman, which impleaded the First National Bank of Winnsboro and others by cross-action. A judgment for plaintiff against defendant and cross-complainant was modified and affirmed as modified by the Court of Civil Appeals (294 S. W. 324), and named defendant and another bring error. Affirmed.

R. B. Howell, of Winnsboro, and Jones & Jones, of Mineola, for plaintiffs in error.

W. D. Suiter, of Winnsboro, for defendant in error Merchants' & Planters' State Bank of Winnsboro.

Bozeman & Cathey, of Quitman, for defendant in error Don Roberts, County Treasurer.

Walter G. Russell, of Mineola, and H. L. Wilkinson, of Quitman, for defendant in error Wood County.

V. B. Harris, of Quitman, for other defendants in error.

NICKELS, J. The nature of the case is fully stated in the opinion of the honorable Court of Civil Appeals. 294 S. W. 324.

The petition in error was made by two of the banks which had cashed the forged checks when offered by a person who was not the named payee but who indorsed them with the names of the supposed payees, and the writ was allowed principally upon asserted conflict arising from the decision of the Court of Civil Appeals in this case and the decisions of the Courts of Civil Appeals in Bull v. Novice State Bank, 250 S. W. 232, and United States Fidelity & Guaranty Co. v. Jacobs, 287 S. W. 504, and the opinion (on certified questions) in First Nat. Bank of Goree v. Talley, 115 Tex. 591, 285 S. W. 612.

[1, 2] The "acceptance" referred to in sections 62, 136, 137, 185, 187, and 188 of the Negotiable Instruments Law (articles 5932–5948, R. S. 1925) is the "acceptance" described in section 132 which, inter alia, "must be in writing and signed by the drawee." There is not in the present case, and there was not in any of the cases cited, that kind of an acceptance. Judge Speer makes it plain, in First Nat. Bank of Goree v. Talley, that "retention for more than 24 hours by a bank of a check forwarded to it for collection and payment" does not render the bank liable as an "acceptor" under that law, for the reason that the sections relied upon for that purpose have no application to such a transaction. It is there pointed out that the decision in Commercial State Bank v. Harkrider-Keith-Cooke Co. (Tex. Civ. App.) 250 S. W. 1069, "is not necessarily in conflict." In so far as Bull v. Novice State Bank and United States Fidelity & Guaranty Co. v. Jacobs exhibit language of different import, they must be regarded as

in conflict with First National Bank of Goree v. Talley and controlled by it.

[3, 4] Each complaining bank put upon the check, or checks, handled by it, this notation, "All prior indorsements guaranteed." This meant and was intended to mean a guaranty of the genuineness of the indorsement by payees named in the checks. Without an indorsement purporting to be that of the payees, as is manifest, none of these banks would have come into possession of the checks, and the loss would not have occurred. Acceptance of the forged indorsement and putting it in circulation with a guaranty of integrity (Johnston v. Schnabaum, 86 Ark. 82, 109 S. W. 1163, 17 L. R. A. [N. S.] 838, 15 Ann. Cas. 876), obviously contributed, if it did not wholly cause, final payment. And this of itself, certainly with the aid of other matters discussed by the Court of Civil Appeals, is sufficient to entitle the drawee bank to relief. Rouvant v. San Antonio Nat. Bank, 63 Tex. 610.

It is not important that sections 65, 66, and 67 of the Negotiable Instruments Law be discussed as to applicability, for, if they or either of them be effective on the facts shown, application of the warranties would compel a like result. We mention them here by way of caution, lest failure of mention might imply that we believe them inapplicable. Upon that point we do not express or imply a conclusion.

Other questions presented were, in our opinion, given right disposition by the Court of Civil Appeals.

We recommend that the judgment of the latter court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.